IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO.   20-955 |
| STEVEN PENNYCOOKE | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

During a period of significant unrest in the city of Philadelphia, defendant Steven Pennycooke, a prior felon, armed himself with a gun and was arrested next to a vandalized and looted ATM during a mandatory citywide curfew.   Pennycooke possessed the gun while on probation and parole for a prior aggravated assault felony conviction.   The defendant's brother, Shawn Collins, who was arrested with Pennycooke and was also carrying his own gun, stated that they were both armed because Pennycooke had recently been shot in the leg.   It is troubling that after being involved in a shooting, Pennycooke chose to arm himself with a handgun and roam the streets during curfew and while under court supervision for a prior felony conviction.   And Pennycooke and Collins were each convicted in connection with a previous assault of a street sweeper in 2010 when Pennycooke pulled a gun and shot him during a physical altercation.   Because the defendant is a danger to the community and no condition or combination of conditions will reasonably assure the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

**I.      THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

Following the killing of George Floyd in Minneapolis, Minnesota, peaceful protests began in Philadelphia, PA. However, opportunistic criminals used the protests as cover to commit various crimes including, looting, burglary, arson, destruction of property, and violence. Accordingly, a mandatory curfew was imposed by the Mayor of Philadelphia.

On June 2, 2020 at approximately 10:53 p.m.—during the curfew—the Philadelphia Police Department ("PPD") received a call reporting two individuals looting an ATM in the middle of 4100 Viola Street, Philadelphia. When the police arrived, they located defendant Pennycooke and his brother Collins in close proximity to a vandalized ATM safe, and both males fit the description of the looters provided by the caller. After the police made their presence known, Pennycooke tried to hide a loaded 9mm Hi-Point C9 handgun by tossing it onto the rear passenger seat of a vehicle, and then closing and locking the car door from his key fob as police approached him. Collins was detained and a loaded 9mm Taurus PT24/7 G2 C handgun was recovered from his waistband. Although Collins was also a convicted felon, he boasted that he previously "beat a million gun cases." Collins told the police that he was carrying the gun because of "purging" in the area.[1] Collins explained that both he and Pennycooke were carrying the guns because Pennycooke had recently been shot in the leg while at a gas station. Pennycooke confirmed he had been wounded in his leg.

In 2011, Pennycooke was found guilty of aggravated assault in violation of Title 18, Pennsylvania Crimes Code, Section 2702A, which is a first-degree felony in Pennsylvania. Pennycooke and Collins engaged a street sweeper in a physical fight, and then Pennycooke shot

---

[1] "The Purge" is a 2013 dystopian horror thriller about an annual purge where all crime, including murder, is temporarily legal. Collins did not specify whether he was participating in the purge or protecting himself from the purge.

him and fled.   Pennycooke was sentenced to five to ten years in state prison, followed by ten years of probation.   Pennycooke was released from prison on September 22, 2015 will be on state parole until September 2020 and probation until September 2025.

A.   **Probable Cause And The Evidence In This Case**

1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 922(g) as charged in the criminal complaint filed on June 8, 2020.

2. The evidence in this case is strong.

   a. Pennycooke was out on the streets in close proximity to a looted ATM during a mandatory curfew.   The police observed Pennycooke toss an object into a car, shut the door, and lock the vehicle as PPD officers approached him.   From outside the car, these same PPD officers observed a gun in plain view on the back seat—this is recorded on body worn camera.   The gun was later recovered and confirmed to be a loaded 9mm Hi-Point C9 handgun, with one round in the chamber and eight rounds in the magazine.

   b. Pennycooke has a prior felony conviction for aggravated assault and is currently under court supervision while on parole and probation.

   c. The defendant's brother stated that both he and Pennycooke were carrying the guns because Pennycooke had recently been shot in the leg, and Pennycooke confirmed he had been wounded and did not have a permit to carry a firearm.   The statements by Collins and Pennycooke are also recorded on body worn camera.

B.   **Maximum Penalties**

The total maximum penalty the defendant faces is 10 years imprisonment.

**C.     Criminal Record and Failure to Abide by Court Supervision**

1.     The defendant has the following prior convictions:

On July 29, 2011, he was convicted of aggravated assault, a felony, and sentenced to five to ten years confinement followed by 10 years probation.   He was also convicted of possessing an instrument of crime, a misdemeanor, in connection with this offense.   Pennycooke committed the instant offense while on probation for both convictions, and while on parole for the aggravated assault conviction.   According to the police report from this arrest, on May 4, 2010, PPD officers responded to a reported shooting at 4637 Walnut Street and observed a University City District street sweeper lying on the road with a gunshot wound to his upper left shoulder.   According to eyewitnesses, Collins engaged in a verbal argument with the street sweeper, and then left to recruit Pennycooke to attack the street sweeper.   Pennycooke and Collins approached the street sweeper and both engaged him in a physical fight for approximately five minutes.   When the street sweeper attempted to make a phone call, Pennycooke pulled a handgun and fired four shots at the street sweeper, striking him once in the shoulder.   Pennycooke then forced an eyewitness to drive him away from the scene of the crime to his home so he could get rid of the gun.

On March 20, 2010, the defendant was convicted of possessing a small amount of marijuana.

On May 7, 2007, the defendant was convicted of contempt – disobedience of officers, and sentenced to 2 months to 5 months, 29 days incarceration.

On May 22, 2007, the defendant was found guilty of intent to possess a controlled substance, a misdemeanor, and was sentenced concurrently with the contempt sentence.

2.     The defendant has the following additional arrests:

On November 11, 2019, the defendant was charged with aggravated assault, robbery, strangulation, theft by unlawful taking, and receiving stolen property. The case was nolle prossed on February 13, 2020.

On April 21, 2009, the defendant was charged with failing to appear in court. There is no disposition reported for this offense.

## II.     CONCLUSION

The defendant presents a danger to the community. He has a criminal history and previously shot an unarmed man in 2011. Pennycooke was recently shot, and rather than report the incident to the police, he responded by arming himself with a firearm and roaming the streets during curfew. The defendant was under active court supervision at the time he chose to commit his latest gun offense. When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

William M. McSwain
United States Attorney


/s/ Derek E. Hines
Derek E. Hines
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

      v.                                          :   MAGISTRATE NO.   20-955

STEVEN PENNYCOOKE                :

**PRETRIAL DETENTION ORDER**

      AND NOW, this   12th day of   June   , 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

    1.    There is probable cause to believe that the defendant, Steven Pennycooke, has violated 18 U.S.C. § 922(g)(1).

    2.    The evidence in this case is strong.   Pennycooke was out on the streets in close proximity to a looted ATM during a mandatory curfew.   The police observed Pennycooke toss an object into a car, shut the door, and lock the vehicle as PPD officers approached him. From outside the car, these same PPD officers observed a gun in plain view on the back seat—

- 2 -

this is recorded on body worn camera.   The gun was later recovered and confirmed to be a loaded 9mm Hi-Point C9 handgun, with one round in the chamber and eight rounds in the magazine.   Pennycooke has a prior felony conviction for aggravated assault and is currently under court supervision while on parole and probation.   The defendant's brother, Shawn Collins, stated that both he and Pennycooke were carrying the guns because Pennycooke had recently been shot in the leg, and Pennycooke confirmed he had been wounded and did not have a permit to carry a firearm.   The statements by Collins and Pennycooke are also recorded on body worn camera.

      3.      The total maximum statutory penalty defendant faces is 10 years imprisonment.

      4.      The defendant has a significant criminal history and committed the instant offense while under court supervision.   For example, on July 29, 2011, he was convicted of aggravated assault, a felony, and sentenced to five to ten years confinement followed by 10 years probation.   This arrest stemmed from Pennycooke's decision to join Collins in attacking a street sweeper, and then deciding to shoot him when he attempted to make a phone call.   Pennycooke was also convicted of possessing an instrument of crime, a misdemeanor, in connection with this offense.   Pennycooke committed the instant offense while on probation for two convictions, and while on parole for an aggravated assault conviction.

      5.      The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

/s/ Timothy R. Rice
_____
The Honorable Timothy R. Rice
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by email on defense counsel of record.

/s/ Derek E. Hines
Derek E. Hines
Assistant United States Attorney

Date:   June 10, 2020

4